Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 30, 2012, which granted the motion of defendants Deanna Daniel and Arthur Daniel for summary judgment dismissing the complaint as against them, affirmed, without costs.
On March 26, 2009, a dark and drizzly evening, defendant Deanna Daniel was traveling on the Sunrise Highway service road when her vehicle struck the front of defendant Ronald Prunty’s vehicle, which was in the process of exiting a parking lot. Prunty testified at his deposition that his “whole hood, probably, up to the end” was past the “lip of the driveway” and “[s]ix inches, maybe, if that much” of his vehicle were past the white line demarcating the shoulder parking lane, extending into the “service road itself.” Plaintiff, a passenger in Prunty’s vehicle, testified at her deposition that she did not recall Prunty bringing his vehicle to a stop before entering the road and that she did not see defendants’ vehicle before impact.
The Daniel defendants established prima facie their entitlement to summary judgment by demonstrating that the vehicle operated by Ms. Daniel was lawfully proceeding, within the speed limit, in the right lane of the Sunrise Highway service road and that the vehicle operated by Prunty illegally entered the service road without yielding the right of way, in violation of Vehicle and Traffic Law § 1143 (see Vazquez v New York City Tr. Auth., 94 AD3d 870 [2d Dept 2012]). Ms. Daniel testified that *587 she had her headlights and windshield wipers on, that she was traveling at about 30 miles per hour in a 40-mile-per-hour zone because it was drizzling, and that while she sounded her horn and stepped on her brakes, she could not swerve to avoid the collision because she saw the lights of another car in the left-hand lane behind her (see Sanchez v Lonero Tr., Inc., 100 AD3d 417 [1st Dept 2012]).
In opposition, plaintiff failed to raise an issue of fact as to any alleged comparative fault on the part of the Daniel defendants. Plaintiffs affidavit in opposition materially conflicted with her sworn deposition testimony (see Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [1st Dept 2000]). Plaintiff did not refute Ms. Daniel’s testimony that she could not swerve to the left because there was another vehicle in the left-hand lane, and the argument that Ms. Daniel could have avoided hitting Prunty’s vehicle in the few seconds preceding the accident is purely speculative (see Ishak v Guzman, 12 AD3d 409 [2d Dept 2004]; see also Figueroa v Diaz, 107 AD3d 754 [2d Dept 2013]; Vazquez, 94 AD3d at 871; Sanchez v Lonero Tr., Inc., 100 AD3d at 417; Perez v Brux Cab Corp., 251 AD2d 157, 159-160 [1st Dept 1998]). Nor did plaintiff produce competent evidence raising an issue of fact whether Ms. Daniel was driving at an unsafe speed, given the weather conditions. Prunty could only speculate as to how fast Ms. Daniel was “probably” going and testified that “seven, eight, nine seconds or so” transpired between the time he first saw her and the time she grazed his vehicle.
Concur — Acosta, Andrias and Freedman, JJ.